# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LORA NADINE BAXTER-BALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-577 JVB |
| ) | |
| JOHN BOTICH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Lora Baxter–Balmer, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that jail officials violated her federally protected rights. Pursuant to 28 U.S.C. § 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (citation omitted). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), in the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the

requirements of Rule 8(a). *Id*. at 2200. The Court further noted that a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Baxter–Balmer brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Baxter–Balmer seeks damages for conditions of confinement she endured at the St. Joseph County Jail while confined there as a pretrial detainee. She alleges that she developed a serious and painful infection in her leg and that the defendant jail officials denied her medical attention for this problem, which caused her intense pain and resulted in permanent scarring on her leg.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Id*. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845

2

F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishment clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and significantly affects the person's daily activities or features chronic and substantial pain. *Id.* at 1373.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Giving Baxter–Balmer the benefit of the inferences to which she is entitled at the pleadings stage, the Court cannot say that she can prove no set of set of facts consistent with her Fourteenth Amendment claim that the defendants denied her treatment for a serious medical need causing her pain and permanent scarring.

For the foregoing reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants in their personal capacities

for damages on her Fourteenth Amendment claim that they denied her treatment for a serious medical need;

(2) **ORDERS** that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants respond to the complaint; and

(3) **DIRECTS** the U.S. Marshals Service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on defendants along with the summons and complaint.

SO ORDERED on March 27, 2009.

    s /Joseph S. Van Bokkelen
    JOSEPH S. VAN BOKKELEN
    UNITED STATES DISTRICT JUDGE
    HAMMOND DIVISION